UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

G3 INVESTMENTS, LLC, a Texas Limited Liability Company,

Plaintiff,

v.

KOMODO FIRE SYSTEMS, INC. and SHAWN SAHBARI,

Defendants.

Case No. 5:25-cv-03990-SVK

**~~[PROPOSED]~~ ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE STIPULATED JUDGMENT AND FOR RELIEF PURSUANT TO FED. R. CIV. P. 70; AND APPLICATION FOR WRIT OF ASSISTANCE**

Judge: Hon. Susan van Keulen

Before the Court is Plaintiff's Motion to Enforce Stipulated Judgment and for Relief Pursuant to Fed. R. Civ. P. 70, and Application for Writ of Assistance. Dkt. 65.

The Court has considered ~~After considering~~ the Motion, Application, Memorandum, Declarations and Exhibits, the Stipulated Judgment and settlement agreement, and any response and other briefing, evidence, relevant law, the record in this action, arguments of counsel. In light of the impending unlawful detainer trial and to avoid additional attorney's fees, costs and delay, the Court determines that this matter may be resolved without further oral argument. Fed. R. Civ. Proc. 1; Civ. L.R. 7-1(b).

THE COURT FINDS, DECLARES AND ORDERS, BASED ON CLEAR AND CONVINCING EVIDENCE, THAT:

1. A Stipulated Judgment was signed and entered on August 25, 2026, in favor of G3 Investments, LLC against Komodo Fire Systems, Inc. ("Komodo") and Shawn Sahbari ("Sahbari") (collectively, "Defendants"). (Dkt. 64) ("Stipulated Judgment").
2. The Stipulated Judgment and the orders of the Court therein are specific and definite.

3. Paragraph 1 of the Stipulated Judgment is specific and definite in describing the "Tank" that is the subject of the Stipulated Judgment, and Plaintiff's ownership and possessory rights in and to the Tank, as follows:

> Plaintiff is the owner and entitled to immediate removal and repossession of the equipment at issue in this Action, that was delivered by Plaintiff to Defendants, namely, the slightly used 100-barrel high shear mix tank, Model VMT100-4200-75, Serial #6720717, together with pump skid, small and large hoppers, and breaker boxes; a 100 HP ACS550 Variable Frequency Drive (refurbished) (VFD); and a dust collector (collectively and hereinafter, the "Tank").

4. The Tank and its components can also be easily identified from the images from June 25 and 26, 2022, and September 29, 2025, filed with the Motion and Application, and include, without limitation, the replacement VFD controller panel and screen, four valves, and a hose, and the parts that were removed from replacement.

5. Paragraphs 2 and 3 of the Stipulated Judgment orders specific and definite acts that are to be performed by specific and definite deadlines, as follows:

> 2. Promptly, but no later than the tenth (10th) day after this Stipulated Judgment is signed and entered by the Court, **Defendants will (i) empty and clean the Tank; and (ii) disconnect all electrical supply to the Tank**, at Defendants' sole expense.
>
> 3. During the 30-day period beginning on the eleventh (11th) day after this Stipulated Judgment is signed and entered by the Court (the "Removal Period"), **Defendants will grant Plaintiff access to the above-referenced Tank and cooperate in disconnecting power and in allowing Plaintiff to remove the Tank from Defendants' premises** at 700 Jarvis Drive, Morgan Hill, CA 95037 (the "Premises"), between the hours 8:00 AM and 5:00 PM on a mutually agreeable date or dates. **Defendants will not use the Tank during the Removal Period**. Plaintiff will provide the forklift personnel and any other personnel needed for the disassembly and removal of the Tank and its components from the Premises, and Plaintiff will provide the transportation from the Premises. **Defendant will provide two forklifts that are the same or substantially the same as the two forklifts used to move the Tank into the Premises**, at Defendants' sole expense. Except as described above in paragraphs 2 and 3, all costs for the disassembly, removal, and transportation of the Tank will be at Plaintiff's sole expense.

(Emphasis added.)

6. The Tank and its components can also be easily identified from the images from June 25 and 26, 2022, and September 29, 2025, filed with the Motion and Application. Components include, but are not limited to, the replacement VFD controller and screen, four valves, and a hose, and parts that were removed for replacement.

7. This Court retained jurisdiction to enforce the Stipulated Judgment and the settlement agreement, stating "[t]he Court retains continuing exclusive jurisdiction over the settlement agreement and this judgment, including, but not limited to, all matters arising from or related to the implementation, interpretation, and enforcement of the settlement agreement and this judgment. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)."

8. Defendants have violated this Court's orders in the Stipulated Judgment by:

a) Failing to empty the Tank;

b) Failing to clean the Tank;

c) Failing to disconnect all electrical supply to the Tank;

d) Failing to grant Plaintiff access to the Tank;

e) Failing to cooperate in disconnecting power;

f) Failing to cooperate in allowing Plaintiff to remove the Tank from Defendants' premises at 700 Jarvis Drive, Morgan Hill, CA 95037 (the "Premises");

g) Failing to cease using the Tank during the Removal Period; and

h) Failing to provide two forklifts that are the same or substantially the same as the two forklifts used to move the Tank into the Premises.

9. Defendants have violated this Court's orders in the Stipulated Judgment by failing to take all reasonable steps within their power to comply with the Stipulated Judgment,

including failing to take all reasonable steps within their power to implement the terms and conditions of the Stipulated Judgment and settlement agreement.

10. Defendants' actions and omissions violate explicit provisions of the Stipulated Judgment and settlement agreement and were not based on good faith and reasonable interpretations of the Stipulated Judgment and settlement agreement, nor did Defendants make every reasonable effort to comply.

11. Defendants are in civil contempt of this Court's Stipulated Judgment.

12. This Court has inherent authority to enforce compliance with the Stipulated Judgment through a civil contempt proceeding. *United States v. United Mine Workers*, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947). This Court also has authority to enforce compliance with the Stipulated Judgment and hold Defendants in contempt under Fed. R. Civ. P. 70.

13. Defendants' acts and omissions have caused delay in Plaintiff's obtaining possession of the Tank and its components and are putting the Tank and its components at risk of damage, disappearance, and/or loss. Such acts and omissions by Defendants are a threat to Plaintiff and may cause Plaintiff irreparable harm.

14. Because Defendants failed to perform the acts ordered by this Court in the Stipulated Judgment, as described above, it is appropriate for the Court to appoint and authorize Plaintiff, its employees, officers, managers, agents, representatives, contractors, subcontractors, attorneys, and other persons acting on Plaintiff's behalf (collectively and separately, "Authorized Persons") to perform such acts, pursuant to Fed. R. Civ. P. 70(a). The Stipulated Judgment states that these acts are at "Defendants' sole expense," and therefore, it is appropriate for the Court to order Defendants to promptly reimburse

Plaintiff for the reasonable costs and expenses incurred by Plaintiff for Authorized Persons to perform such acts that Defendants failed to perform.

15. Plaintiff needs immediate peaceful and unobstructed access to the Premises and Tank and its components for purposes of implementing the Stipulated Judgment, without interference from Defendants. Accordingly, the Court should order the Clerk to issue a writ of assistance pursuant to Fed. R. Civ. P. 70(d), and Defendants to provide Plaintiff and other Authorized Persons immediate and continuing access to the Premises and the Tank and its components, to implement the terms of the Stipulated Judgment and this Order.

16. The Tank and its components are at risk of damage, disappearance, and/or loss in the event that judgment creditors of Defendants and/or new owners of the Premises are not made aware of the Stipulated Judgment and this Order, it is appropriate for the Court to order Defendants to immediately and securely tape a copy of the Stipulated Judgment, and a copy of this Order to the outside of the Tank where they can be easily seen, and that such copies remain there until possession of the Tank and its components are delivered to Plaintiff, and provide Plaintiff with proof thereof.

17. Defendants have, or should have, information and resources available to Defendants that would help implement the Stipulated Judgment and facilitate the removal of the Tank and its components, including, but not limited to, the names and contact information for an electrician, forklift rental company, forklift operators; totes, drums, and/or other suitable containers. Defendants should be ordered to fully cooperate and provide such information and resources to Plaintiff and other Authorized Persons to implement the Stipulated Judgment.

18. Plaintiff and Authorized Persons have a need to be able to observe, photograph, video-record, and otherwise document the Tank and its components and surroundings, and their activities when on or around the Premises.

19. Defendants' noncompliance has prevented Plaintiff from obtaining the express relief awarded by the Stipulated Judgment and has prevented removal of the Tank and its components from the Premises. Defendants' noncompliance has damaged the Tank and is putting the Tank in jeopardy of further damage, disappearance, and/or loss.

20. Plaintiff has good cause for filing and serving a motion for sanctions against Defendants, and an order should be entered authorizing Plaintiff to file and serve a motion for sanctions relating to Defendants' contempt.

THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion to Enforce Stipulated Judgment and for Relief Pursuant to Fed. R. Civ. P. 70 is HEREBY GRANTED both to enforce the Stipulated Judgment and for civil contempt.

2. Defendants Komodo Fire Systems, Inc. and Shawn Sahbari are hereby found in civil contempt of court pursuant to this Court's inherent authority and pursuant to Federal Rule of Civil Procedure Rule 70, sections (a) and (e).

3. Plaintiff, its employees, officers, managers, agents, representatives, contractors, subcontractors, attorneys, and other persons acting on Plaintiff's behalf (collectively and separately, "Authorized Persons"), pursuant to Fed. R. Civ. P. 70(a), are hereby authorized and appointed to:

   a) perform the acts required of Defendants in the Stipulated Judgment including, but not limited to:

      (i) empty the Tank;

(ii) clean the tank;

(iii) disconnect all electrical supply to the Tank; and

(iv) provide two forklifts that are the same or substantially the same as the two forklifts used to move the Tank into the Premises.

b) have immediate and continuing access to 700 Jarvis Drive, Morgan Hill, CA 95037 (the "Premises") and the Tank and its components, sufficient to inspect the Tank and its components and to implement this Order and the terms and conditions of the Stipulated Judgment;

c) remove and store any and all retardant, retardant mud, or other substance or material in the Tank and its components (collectively, the "Komodo Retardant") in totes, drums, and/or other suitable containers, and (i) leave said Komodo Retardant on the Premises and/or (ii) dispose of the Komodo Retardant at a qualified waste or other disposal facility, in Plaintiff's sole discretion and at Defendants' sole expense.

4. Defendants shall immediately cease using the Tank and its components.

5. Defendants and all persons acting in concert or participation with Defendants who have actual notice of this Order are prohibited from:

a) using or operating the Tank except as expressly authorized by Plaintiff or other Authorized Persons;

b) adding material to or removing material from the Tank except as expressly authorized by Plaintiff or Authorized Persons;

c) altering, modifying, damaging, destroying, concealing, moving, or disposing of the Tank and any component thereof;

d) interfering with Plaintiff's access to or removal of the Tank; and

e) interfering with the Plaintiff, Authorized Persons, or United States Marshals in implementing this Order.

6. Plaintiff is authorized to take possession of and remove the Tank and its components from the Premises in accordance with the Stipulated Judgment and this Order.
7. Defendants shall immediately and securely tape a copy of the Stipulated Judgment, and a copy of this Order, to the outside of the Tank where they can be easily seen, where such copies shall remain until possession of the Tank and its components are delivered to Plaintiff.
8. Defendants shall immediately email Plaintiff's representative, David Gaither ("Gaither"), a photo showing the Stipulated Judgment and Enforcement Order securely taped to the outside of the Tank where they are easily seen.
9. Defendants shall immediately give Creditor Notices, as required under paragraph 9 of the settlement agreement (Dkt. 56-3), to judgment creditors who have not already received such Creditor Notices.
10. Defendants shall provide Plaintiff and other Authorized Persons immediate and continuing access to the Premises and the Tank and its components, to inspect the Tank and its components and to implement the terms of the Stipulated Judgment and this Order.
11. Defendants shall fully cooperate with Plaintiff and other Authorized Persons in implementing the Stipulated Judgment and their authorized acts, and shall provide such information and resources to Plaintiff and other Authorized Persons as may be available to Defendants, and reasonably requested or necessary, to implement the Stipulated Judgment, including, but not limited to, the names and contact information for an electrician, forklift rental company, forklift operators; totes, drums, and/or other suitable containers.

12. Defendants shall not interfere with the authorized activities of Plaintiff and other Authorized Persons, or the authorized activities of the U.S. Marshal Service.
13. Defendants shall reimburse Plaintiff for the reasonable costs and expenses incurred by Plaintiff in performing the acts required of Defendants in the Stipulated Judgment, pursuant to Fed. R. Civ. P. 70(a), including, but not limited to, all reasonable third-party contractor(s), equipment, transportation, U.S. Marshals Service, and other costs and expenses necessary to accomplish the acts that Defendants were required to perform pursuant to the Stipulated Judgment. Defendants' reimbursement obligation herein is joint and several.
14. The Clerk of the Court shall issue a Writ of Assistance pursuant to Fed. R. Civ. P. 70(d), substantially in the form approved by the Court contemporaneously with this Order, authorizing the United States Marshal for the Northern District of California, any Deputy United States Marshal, and any other person authorized by law to execute the Writ to provide and maintain Plaintiff and the persons authorized by this Order, with peaceful and unobstructed access to the Premises and Tank and its components for purposes of enforcing this Order and the Stipulated Judgment.
15. If Defendants or any person acting in concert or participation with them refuses or obstructs access authorized by this Order, the United States Marshal or Deputy United States Marshal executing the Writ is authorized to take reasonable and lawful measures necessary to obtain and maintain such access and to prevent interference with execution of the Writ.
16. If any gate, door, lock, fence, barrier, vehicle, equipment, or other physical obstruction prevents access to the Tank after Defendants have been provided notice and an

opportunity to provide access, the United States Marshal is authorized, to the extent permitted by law, to cause such obstruction to be opened, removed, bypassed, or otherwise overcome using only such force as is reasonably necessary to execute the Writ and this Order.

17. Plaintiff is authorized, in accordance with Civil Local Rule 7-8(d) to serve and file a motion, or motions, for sanctions relating to Defendants' civil contempt described herein or Defendants' acts or omissions in violation of this Order.

18. Plaintiff may submit an application establishing its reasonable attorneys' fees and expenses caused by Defendants' noncompliance and the resulting enforcement proceedings within sixty (60) days after completion of removal of the Tank and its components.

19. Plaintiff may submit evidence of the reasonable fees, costs, and expenses incurred as a result of Defendants' noncompliance, including:

a) Costs of Authorized Persons;

b) Costs of substitute equipment necessitated by Defendants' failure to provide the required forklifts and empty the Tank;

c) United States Marshals Service fees and expenses;

d) Costs associated with additional rigging, mobilization, transportation, storage, or removal necessitated by Defendants' noncompliance; and

e) such attorneys' fees and other expenses as may be recoverable under applicable law, the Stipulated Judgment, or the Court's contempt authority.

20. Nothing in this Order relieves Defendants of any obligation imposed by the Stipulated Judgment that is not expressly modified herein.

21. The Court retains jurisdiction to enforce the Stipulated Judgment, this Order, and the Writ of Assistance; to determine the amount and allocation of fees, costs, expenses, and sanctions; and to grant such further relief as may be necessary to effectuate its orders.

22. Any violation of this Order may subject the violating party or person to coercive or compensatory sanctions, contempt proceedings, or other relief within the Court's authority.

APPROVED AND ORDERED BY THE COURT:

Dated: October 30, 2026

Susan van Keulen

Hon. Susan van Keulen
United States Magistrate Judge